No. 13,730.

KANSAS CITY LIFE INSURANCE COMPANY *v.* PETTIT.

(61 P. [2d] 1027)

Decided October 5, 1936. Rehearing denied November 2, 1936.

Messrs. GRANT, ELLIS, SHAFROTH & TOLL, MISS DEIRDRE DUNLEVY, for plaintiff in error.

Mr. MORTIMER STONE, Mr. ALDEN T. HILL, for defendant in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS is an action brought by the widow of one Pettit against the plaintiff in error insurance company to recover an additional indemnity on a life insurance policy issued to her husband. The district court rendered a

judgment in her favor. This judgment the company now asks us to reverse.

The record contains a stipulation which presents the sole issue herein, duly agreed upon by the parties, as follows: "That the only question involved in this action for determination by this court or the appellate court, in the event of appeal, is as to whether the death of the insured occurred during the premium paying period of the policy within the meaning of the double indemnity provision thereof, and without regard to any possible interpretation by insured as evidenced by his said letter attached hereto. It provides that 'Should the death of the insured under this policy result from the effects of an accident (during the premium paying period herein),' double indemnity will be paid."

The policy provided for a minimum payment of $1,000 to the beneficiary as a primary death benefit at death of the insured. This has been paid.

An additional $1,000 is now claimed to be due under the following provision of the policy: "Should the death of the insured under this policy result from the effects of an accident (during the premium paying period herein) and such death occur within 90 days from the happening of said accident, the amount payable hereunder will be $2,000.00." The insured died by accident in 1933, about two years after the policy, which was issued in 1915, had become a paid-up policy. The additional $1,000 claimed is alone involved in this case.

By the terms of the policy, annual premiums were to be paid for 20 years, unless by the method selected for paying the second annual premium the insured elected to make the policy a paid-up policy for $1,000 at the end of 15 years. The premium-paying period was thus fixed at 15 years by Pettit's due exercise of such election, and no premiums were paid or were to be paid in or for the period subsequent to said 15 years. As a result of choosing the 15-payment contract, the benefits became radically different from what they would have been under the 20-

payment contract. One consequence was that at the end of 15 years the paid-up value at once became $1,000 as against $741 under the 20-payment plan, which provided for gradually increasing values thereafter but reaching $1,000 only at the end of the 20th year. Moreover, under the 20-payment contract $1,000 would have been the largest primary death benefit recoverable, whereas the 15-payment contract provided for a gradual increase from $1,000 in the beginning, the death benefit steadily mounting to $1,216 in the 15th year. And while the periods for extended insurance are the same under either of the alternative contracts, the amount of insurance differs materially. The extended insurance would uniformly have been $1,000 under the 20-payment contract, but under the 15-payment contract the amount of insurance was the greater and constantly increasing death benefit above described. In other words, the two contracts were as distinctive and dissimilar as if they were incorporated in separate instruments, each to be judged wholly by itself according to its express terms. The circumstance that the two alternative contracts were evidenced by a single instrument is of course immaterial. As a matter of fact, when once the choice was made in favor of the 15-payment contract, that contract must be given full effect as the only subsisting contract between the parties.

It is elementary that neither this court nor any other court can make a new contract in lieu of the one originally entered into by the parties themselves. A court must give effect, under accepted principles of interpretation, to the natural meaning of the language actually used. There is nothing in the context here to justify our saying that the premium-paying period is 20 years when the parties themselves have made it fifteen years by exact compliance with the terms of the policy considered as an entire contract. The view that a paid-up policy on which no further premiums are payable has a ''premium-paying period'' running five years beyond the date when it became fully and finally paid up,

would be to ignore the plain meaning of words. Such a view would not be in accord with sound reasoning, and no legal authority has been cited in support of it.

It is to be noted that there is no issue of fraud or misrepresentation submitted for our consideration. Nor have we anything to do with the question as to which of the two contracts—the 20-year or the 15-year—was the more valuable or beneficial to the insured or his beneficiary.

The judgment of the district court must be reversed and the case remanded with directions to enter findings and judgment in favor of the plaintiff in error company, defendant below.

Judgment reversed with directions.

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE CAMPBELL, and MR. JUSTICE YOUNG concur.