Mr. Justice Pringle
delivered the opinion of the Court.
Plaintiff, Ursula D. Boatright, entered into a purported teaching contract with the defendant, School District No. Six of Arapahoe County. The contract was for the academic year commencing in August, 1962. However, before the plaintiff assumed her duties as a teacher, her contract was terminated by the School District. The plaintiff thereupon brought this suit against the School District for breach of the contract.
In a trial to the court, judgment of dismissal was entered in favor of the defendant. Plaintiff now brings the case here seeking a reversal of the adverse judgment.
The parties will be referred to as plaintiff and defendant or by name.
The record discloses the following chronology of events. On or about November 11, 1961, the plaintiff appeared in the administrative offices of the School District and there obtained an application blank for employment as a school teacher for the ensuing academic year. Plaintiff was pregnant at that time. She had been employed in the Denver Public Schools and had been asked to resign because of the maternity leave policy of that school system.
On March 20, 1962, the Board of School District No. Six adopted a maternity leave policy. In pertinent part that policy provides as follows:
“Maternity leave, without pay, may be granted to District Six employees who have been regularly em *165 ployed in the district for three consecutive years or more and in the case of teachers, those who have attained tenure. Maternity leaves shall not he granted to-probationary teachers, or those other employees who have not completed three years of employment at the beginning of the leave. In such cases, the employee must resign without prejudice. * * *”
“* * * The leave of absence or the termination of employment shall begin no later than the fifth month of pregnancy. She shall not return to her employment until the semester next following the date on which the child horn of the pregnancy is one year old. * * *” (Emphasis added.)
Two days after the maternity leave policy was adopted, plaintiff returned her application to the School District. Plaintiff answered every question in the application with the exception of a question pertaining to the number of her children and their ages.
Plaintiff’s child was born eleven days after her application for employment was submitted. On May 9, 1962,. plaintiff was offered a position as a probationary teacher for the ensuing academic year. Plaintiff returned her acceptance on the following day. This acceptance contained the following provision:
“I agree to perform such duties and services as may legally be required of me and to comply with all laws of Colorado and rules and regulations made by the Board of Education of School District No. Six.”
Plaintiff, according to her testimony, was of the understanding that the School District did not have a maternity leave policy. For this reason she made no effort to communicate the fact that she was pregnant nor the subsequent fact that she had a newborn child. Thereafter, she became acquainted with the regulation of the School District concerning maternity leave. Plaintiff then informed the District that she had a child less than one year of age and made inquiry as to the District’s policy with respect to her particular situation. Plaintiff *166 was in turn notified by the District that her contract would not be honored because of the age of her child, and that to employ her as a teacher would be contrary to the District’s maternity leave policy. Plaintiff was asked for her resignation and was told that her resignation would be without prejudice.
In dismissing plaintiff’s case, the court found that the maternity leave policy of the School District was in full force and effect when plaintiff accepted the District’s offered contract; that plaintiff’s acceptance of the offer, containing the statement that the appointment was subject to the rules and regulations of the Board of Education, created a contract between the School District and plaintiff which was subject to the regulation pertaining to maternity leave; that plaintiff was within the scope of the maternity leave regulation since she had a child of an age of less than one year, and that therefore plaintiff’s employment was terminated prior to the inception thereof by virtue of the regulation.
In addition, the court found that the plaintiff was not entitled to a hearing before the School Board on the question of her dismissal since she had not requested such a hearing.
Plaintiff makes three assignments of error which present but one question for our determination, namely, was plaintiff’s contract properly cancelled by the School District under these circumstances? In our view, the question must be answered in the affirmative.
The rules and regulations of the School District pertaining to maternity leave for probationary teachers clearly antedated the agreement which was entered into by the parties, and was expressly embraced as a term thereof by the language of plaintiff’s acceptance acknowledging that her appointment was subject to the rules and regulations of the School District.
In our view the clear intendment of the rule is that no mother may teach in the public school system of District No. Six while she has a child less than one year *167 of age. We find no vagueness, indefiniteness or ambiguity in the provision of the rule as contended for by the plaintiff. Plaintiff’s contention, that the birth of the child before she entered into the contract prevented the termination of her employment during the fifth month of pregnancy as required by the rule and therefore barred any discharge is an interesting argument, but a specious one. In reality, plaintiff’s contract never came into being because she was ineligible to enter into the contract at the very moment she accepted the Board’s offer.
Nor do we find any error arising from the fact that plaintiff did not have a hearing before the School Board on the question of her dismissal. The fact that plaintiff did not request such a hearing is not the determinative factor here. Bather, the issue is resolved upon the analysis that the provisions of the statute in question, C.B.S. ’53, 123-17-1, are not applicable to the status of the plaintiff. The statute and the cases construing it provide for notice and hearing prior to the summary discharge of a teacher. Since the employment contract was properly cancelled before plaintiff assumed her teaching functions, the plaintiff never became a teacher within the purview of the statute, and thus her dismissal was not subject to the requirements of the statute.
The judgment is affirmed.
Mr. Justice Frantz dissents.