The **FORT LYON CANAL COMPANY,**
Plaintiff–Appellant,

v.

**HIGH PLAINS A & M, LLC, Magro, LLC, 136th and Colorado, LLC, Wollert Enterprises, Inc., and Steven J. Witte, Division Engineer, Water Division 2, Defendants–Appellees.**

No. 06SA320.

Supreme Court of Colorado,
En Banc.

Sept. 10, 2007.

Lefferdink Law Office, LLC, John S. Lefferdink Lamar, Colorado, Attorney for Plaintiff–Appellant.

Lawlis & Bruce, LLC Robert J. Bruce, Denver, Colorado, Attorney for Defendants–Appellees.

Justice COATS delivered the Opinion of the Court.

Fort Lyon Canal Company appealed directly from an order of the water court granting summary judgment in favor of various stockholders named by the company as defendants. Fort Lyon had sought an order from the water court declaring the defendants liable, by authority of the company's bylaws, for fees and costs the company incurred as an objector to the defendants' earlier judicial application for a change of water right. Because the unambiguous language of the company's bylaws extends liability to stockholders seeking a change of water right only for the legal and engineering expenses incurred by the board in determining whether and upon what conditions to approve the stockholders' requested changes, and not for additional costs and fees incurred in defending the board's decision in subsequent legal proceedings, the judgment of the water court is affirmed.

## I.

The Fort Lyon Canal Company, a Colorado non-profit corporation operating as a mutual ditch company, filed an action for declaratory relief in the Water Court for Division 2, naming High Plains A & M and several other stockholders in the company as defendants. Fort Lyon sought a judgment from the water court declaring the defendants liable for the legal and engineering expenses the company incurred in objecting to the change of water right for which they had previously applied in the water court.

As detailed in an earlier judgment of this court, *see High Plains A & M, LLC v. Se. Colo. Water Conservancy Dist.,* 120 P.3d 710 (Colo.2005), High Plains and the other named stockholders first presented their proposed changes to the company's board of directors, as required by company bylaws. After a lengthy hearing, the board gave its permission for the requested changes, subject to numerous conditions it considered necessary to protect the rights of other stockholders. In their subsequent application to the water court for a change of water right, High Plains and the other defendants challenged a number of those conditions, and the board in turn entered the proceedings as an objector. On a motion for summary judgment, the water court dismissed the application as speculative, without addressing the merits of the board's conditions, and this court affirmed.

Fort Lyon then filed this action, asserting that the company's bylaws not only required any stockholder desiring a change of water right to first make a written request of the board and shoulder the board's legal and engineering expenses in evaluating that request, but also to pay any legal and engineering expenses incurred by the board in defending its conditions in a subsequent water court proceeding. The stockholders understood the bylaws to impose upon them responsibility only for the board's expenses in evaluating their request, which they had already paid. Based on their different readings of the bylaws, the parties filed cross-motions for summary judgment. The water court granted summary judgment for the defendants-stockholders, and Fort Lyon appealed directly to this court.[1]

## II.

This jurisdiction has followed the rule that each party in a lawsuit is required to bear its own legal expenses in the absence of an express statute, court rule, or contract to the contrary. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247, 95 S.Ct.

1612, 44 L.Ed.2d 141 (1975) (discussing the so-called American Rule); *Allstate v. Huizar,* 52 P.3d 816, 818 (Colo.2002); *Bernhard v. Farmers Ins. Exch.,* 915 P.2d 1285, 1287 (Colo.1996); *Bunnett v. Smallwood,* 793 P.2d 157, 160 (Colo.1990). Numerous statutes expressly provide for awards of attorney fees to prevailing parties in particular classes of cases, *see, e.g., Ramos v. Lamm,* 539 F.Supp. 730, 757 (D.Colo.1982) (listing eighty-five such statutes), *aff'd in part, rev'd in part,* 713 F.2d 546 (10th Cir.1983), and both statute and court rule permit attorney fee awards in the wake of specific conduct by a party, *see, e.g.,* § 13–17–102(2), C.R.S. (2006) (providing for attorney fee awards where civil action of any nature is substantially frivolous, groundless, or vexatious); C.R.C.P. 11(a).

In particular, the general assembly has expressly dealt with the matter of attorney fees in water adjudication proceedings to change the place of use of a water right from a mutual ditch company. *See* § 37–92–304(3.5), C.R.S. (2006). The statute permits the water court to award reasonable attorney fees and reasonable engineering and expert witness fees to the remaining stockholders of a mutual ditch company, where a material injury has been demonstrated by an objector and the application has failed to include conditions necessary to prevent that injury. By the same token, the statute permits an award against an objector who has failed to demonstrate material injury and whose opposition was maintained frivolously or for purposes of harassment.

Fort Lyon has, however, not asserted a claim for attorney fees on the basis of this statute. Rather its claim rests on the provisions of the company's bylaws. We have previously treated the bylaws of a mutual ditch company, like the bylaws of other corporations, as provisions of a contract between the corporation and its stockholders, and we have enforced them as such, as long as a bylaw purporting to further condition or limit the right to change a water right can be given effect consistent with allowing full

---

1. Although the defendants challenged the jurisdiction of the water court to entertain this declaratory judgment action below, that issue has not been preserved on appeal; and in the absence of any objection to the plaintiff's appeal directly to this court, we express no opinion about the jurisdiction of the court of appeals to entertain an appeal from such a judgment.

scope to the jurisdiction of the water court. *See In re Application for Water Rights of the Fort Lyon Canal Co.,* 762 P.2d 1375, 1379 (Colo.1988); *Fort Lyon Canal Co. v. Catlin Canal Co.,* 642 P.2d 501, 506 (Colo.1982). Whether or not a contract between a mutual ditch company and its stockholders, requiring stockholders to bear the company's legal expenses for opposing their application for a change of water right, without regard to the merits of the application or the opposition to it, would be consistent with the court's statutory discretion to award attorney fees, the provisions of Fort Lyon's bylaws in this case simply do not purport to impose any such burden.

## III.

The provision on which Fort Lyon relies is found in article V, section 1 of its bylaws, which allocates water for domestic and irrigation purposes on the basis of shares of capital stock owned and prohibits the transfer of water from historically irrigated lands without the approval of the board of directors. The approval of the board may not be granted unless the owner obtains a final decree from the water court, among other things. Upon written request from a stockholder seeking a change of its right, the board is obliged by the bylaw to decide whether the requested change may be made without injury to the canal, the company, or other stockholders, and the conditions necessary to make that possible. Furthermore, if the board requires legal or engineering services in making that determination, the expense of those services must be borne by the stockholder. In pertinent part, the bylaw says:

> The Board of Directors shall approve the transfer of water to a tract of land which has not been historically irrigated only if the owner agrees to continue to comply with all of the Articles of Incorporation, Bylaws, Rules and Regulations of the Company ..., and the owner obtain [sic] a final decree from a water court approving such transfer and containing in such decree a provision incorporating this bylaw. Each Stockholder desiring to change the type of use, place of use, time of use, point

or means of diversion, storage or other change of said Stockholder's water shall make written request therefore to the Board of Directors. If in the opinion of the Board of Directors, such change may be made without injury to the canal, the Company, and other Stockholders, such request shall be granted, with such terms and conditions as may be necessary to prevent injury.... In the event that the Board of Directors, in making any *such determination* as provided herein, shall require legal and/or engineering services, such expense shall be paid by the Stockholder making such request.... The *determination* by the Board of Directors shall be final, and shall not be subject to revision unless it is proven in a court of law having jurisdiction over water matters that *such determination* was arbitrary or capricious.

(emphasis added).

The bylaw refers to a determination by the board whether, and under what circumstances, a requested change may be made without causing injury. It separately refers to proceedings in the water court to obtain a final decree or to challenge the board's determination as arbitrary or capricious. There can be no doubt that the language of the bylaw expressly refers to the board's required determination as "such determination," and it expressly juxtaposes "such determination" and subsequent proceedings challenging its validity "in a court of law having jurisdiction over water matters." Equally clearly, this provision of the bylaws imposes an obligation on the requesting stockholder only for expenses incurred by the board of directors in making "such determination," and not for additional expenses incurred by the board should it choose to participate in subsequent water court proceedings.

A contract must be construed to ascertain and effectuate the intent of the parties, as expressed in the contract itself. *See E. Ridge of Fort Collins, LLC v. Larimer & Weld Irrigation Co.,* 109 P.3d 969, 974 (Colo. 2005). Should the language of the contract be ambiguous, lending itself to more than one reasonable interpretation, extrinsic evidence

of the intent of the parties may be helpful in resolving the ambiguity. *Id.* Although we have noted that in construing contracts, as distinguished from statutes or rules having general applicability, it may be appropriate to look beyond the "four corners" of the document and consider context and surrounding circumstances, not only for resolving ambiguity but even for determining whether it exists, we have always made clear that extrinsic evidence of intent can never contradict or change the language of a contract or justify an interpretation not reasonably derivable from the contract itself. *See Lazy Dog Ranch v. Telluray Ranch Corp.*, 965 P.2d 1229, 1237 (Colo.1998).

Fort Lyon argues that the context and circumstances surrounding the adoption of the provision in question demonstrate that it was intended to insulate the company from all expenses associated with a stockholder's application for a change of water right, including the expense of defending the interests of the company's remaining stockholders in proceedings before the water court. Even if that were the case, however, such an intent is not reflected in the unambiguous language of the bylaw. Regardless of the expectations of the drafters of this bylaw or those who voted to adopt it, nothing in the provision itself can reasonably be interpreted to impose an obligation on stockholders to cover any expense beyond that of the "legal and/or engineering services" required by the board in evaluating their written request.

## IV.

The judgment of the water court is therefore affirmed.