**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————————

DAVID L. HILDEBRAND,

　　Plaintiff - Appellant,

v.

WILMAR CORPORATION, a
Washington corporation,

　　Defendant - Appellee.

FILED
United States Court of Appeals
Tenth Circuit

**July 20, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

No. 21-1345
(D.C. No. 1:19-CV-00067-RM-NRN)
(D. Colo.)

———————————————————

**ORDER AND JUDGMENT**[*]

———————————————————

Before **TYMKOVICH**, Chief Judge, **MATHESON**, and **EID**, Circuit Judges.

———————————————————

　　David L. Hildebrand, proceeding pro se,[1] appeals the district court's entry of

judgment in favor of Wilmar Corporation.  Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

———————————————

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Hildebrand proceeds pro se, we construe his filings liberally but do not serve as his advocate.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## I.  Background

Hildebrand patented a device for removing damaged threaded fasteners, such as lug nuts, in 1998.

In 2009, Hildebrand sued Wilmar for patent infringement.  The parties settled the matter via a written agreement.  "Wilmar agree[d] to compensate Hildebrand with $25,000.00 for past and current infringing acts."  Supp. R., vol. II at 112.  Wilmar also agreed to "pay Hildebrand an ongoing royalty in the amount of 15% of the Gross Selling Price of Products sold and covered by" Hildebrand's patent.  *Id.* at 113.  This "15% royalty" was to "continue until the expiration date of the" patent in 2015.  *Id.* at 114.  And "Wilmar agree[d] to continue to pay Hildebrand an ongoing reduced royalty/fee of 5% following the expiration of the" patent.  *Id.*  The agreement also required Wilmar to pay these royalties quarterly, with each payment "accompanied by a report of gross sales of Products sold during the quarter being reported."  *Id.*

Hildebrand brought this action in 2018, alleging that Wilmar breached the contract in several ways, including by its failure to pay royalties for sales occurring after the patent expired in 2015, and seeking an accounting.

The magistrate judge recommended that Hildebrand "be barred from seeking damages for unpaid royalties after . . . the date the [patent] expired."  R., vol. I at 73. The magistrate judge reasoned that the settlement agreement's provision requiring these payments was unenforceable under *Brulotte v. Thys Co.*, 379 U.S. 29 (1964) and *Kimble v. Marvel Entertainment, LLC*, 576 U.S. 446 (2015), which bar royalty payments on expired patents.  R., vol. I at 68–69.

2

The district court accepted this recommendation.  It found Hildebrand waived an argument the parties had intended the 5% post-expiration payments to compensate Hildebrand for past infringements by failing to raise that argument with the magistrate judge.  *See id.* at 110.  And it found in the alternative that even if Hildebrand had not waived his argument, it lacked merit because the parties' "'intent must be determined from [the] contract language itself,'" and the plain language of the agreement undermined this argument.  *Id.* at 111 (quoting *Denver Found. v. Wells Fargo Bank, N.A.*, 163 P.3d 1116, 1126 (Colo. 2007)).

The district court then held a bench trial on Hildebrand's remaining claims and found Hildebrand did not meet his burden of proof.  It found that Wilmar fully paid the 15% royalties due to Hildebrand during the relevant period before the patent expired.  It further found that Wilmar had substantially complied with its reporting obligations under the agreement and that even if Wilmar had not, Hildebrand failed to prove damages resulting from any reporting breach.  And it found Hildebrand's claim for an accounting failed because he failed to establish his claim for breach of contract.

## II.  Discussion

"In an appeal from a bench trial, we review the district court's factual findings for clear error and its legal conclusions de novo."  *Sw. Stainless, LP v. Sappington*, 582 F.3d 1176, 1183 (10th Cir. 2009) (internal quotation marks omitted).

## A.  Enforceability of Section 2.8 of the Settlement Agreement

The district court concluded Hildebrand could not enforce section 2.8 of the settlement agreement because it required Wilmar to make royalty payments for selling products covered by an expired patent.[2]  We agree with the district court.

"In *Brulotte* . . ., [the Supreme] Court held that a patent holder cannot charge royalties for the use of his invention after its patent term has expired."  *Kimble*, 576 U.S. at 449.  *Kimble* observed that "[a] court need only ask whether a licensing agreement provides royalties for post-expiration use of a patent.  If not, no problem; if so, no dice."  *Id.* at 459.  But *Kimble* also clarified *Brulotte*'s rule does not bar parties from charging fees for non-patent rights or from deferring compensation owed "for pre-expiration use of a patent into the post-expiration period."  *Id.* at 453–54.

Hildebrand argues *Brulotte* and *Kimble* do not apply because the 5% payments contemplated by the agreement were not royalties on the expired patent but were instead deferred compensation for Wilmar's prior infringement.  He surmises that because the agreement denominated the 15% pre-expiration payments as a "royalty" and the 5% post-expiration payments as a "reduced royalty/fee," Supp. R., vol. II at

---

[2] The district court also found in the alternative that Hildebrand waived any argument the parties had intended the 5% post-expiration payments to compensate Hildebrand for past infringements by failing to raise it with the magistrate judge.  We need not address this alternative finding given our disposition.  *See Griffin v. Davies*, 929 F.2d 550, 554 (10th Cir. 1991) ("We will not undertake to decide issues that do not affect the outcome of a dispute.").

114, the 5% payments must have been "part of a deferred compensation," Aplt. Opening Br. at 10. We are not persuaded.

The agreement expressly states that the compensation being paid "for past and current infringing acts" was a $25,000 lump sum payment. Supp. R., vol. II at 112. Nothing in the agreement suggests the 5% post-expiration payments were for anything other than the ongoing license to sell products covered by the expired patent. And Hildebrand does not challenge the district court's conclusion that it could not consult extrinsic evidence to reach a different result.

Hildebrand also asserts that Wilmar wrote the settlement agreement. To the extent Hildebrand intends to make an argument based on this alleged fact, his record citation does not show he made any argument based on this alleged fact in the district court and he does not argue for plain-error review. *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019) ("[T]he failure to argue for plain error and its application on appeal surely marks the end of the road for an argument not first presented to the district court." (ellipses and internal quotation marks omitted)). And in any event, he does not sufficiently develop an argument based on this alleged fact in his opening brief to invoke appellate review. *See Femedeer v. Haun*, 227 F.3d 1244, 1255 (10th Cir. 2000) ("Perfunctory complaints that fail to frame and develop an issue are not sufficient to invoke appellate review." (brackets and internal quotation marks omitted)).

### B. Alleged Breach of the Reporting Obligation

Hildebrand argues the district court erred by finding Wilmar did not breach the settlement agreement by failing to provide adequate quarterly reports. But the district court found that even if Wilmar breached its reporting duty, Hildebrand's breach-of-contract claim nonetheless failed because "Hildebrand fail[ed] to establish any damages." R., vol. I at 390.

Hildebrand responds to this point by arguing, without citation, that the district court's legal conclusion that he had to show damages "is without merit." Aplt. Reply Br. at 12. We disagree. *See, e.g.*, *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) ("It has long been the law in Colorado that a party attempting to recover on a claim for breach of contract must prove . . . resulting damages to the plaintiff.").[3]

Hildebrand also asserts that he suffered damages from Wilmar's alleged reporting failures because he "had to pay for the filing of two additional lawsuits to get any compliance." Aplt. Reply Br. at 12. Yet he fails to support this assertion with a citation showing he made this damages argument to the district court or introduced any evidence supporting it. *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015) ("It is obligatory that an appellant, claiming error by the district court as to factual determinations, provide this court with the essential

---

[3] The agreement states that it is "governed by the laws of the State of Colorado," Supp. R., vol. II at 116, and neither party challenges the district court's finding Colorado law in fact governs the agreement.

references to the record to carry his burden of proving error." (internal quotation marks omitted)). He also fails to provide a citation or argument showing that his costs incurred in an unsuccessful prior suit or this suit could count as damages under Colorado law. *Cf., e.g.*, *Allstate Ins. v. Huizar*, 52 P.3d 816, 818 (Colo. 2002) ("In the absence of an express statute, court rule, or private contract to the contrary, attorney fees generally are not recoverable by the prevailing party in a contract or tort action."). We therefore affirm the district court's finding that Hildebrand's breach-of-contract claim fails because he did not establish damages.[4]

### III. Conclusion

We affirm the district court's entry of final judgment.

Entered for the Court

Allison H. Eid
Circuit Judge

---

[4] Given our disposition, we need not address whether the district court erred by finding Hildebrand failed to establish that Wilmar had breached its reporting obligation. *See Griffin*, 929 F.2d at 554.

7