**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 20, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY,

    Plaintiff - Appellee,

v.

JOHN HENRY HESKETT,

    Defendant - Appellant,

and

HAWK PRODUCTIONS, LLC,

    Defendant.

No. 22-1116
(D.C. No. 1:20-CV-03159-CMA-NRN)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **HOLMES**, Chief Judge, **HARTZ** and **ROSSMAN**, Circuit Judges.

_____

John Henry Heskett appeals the district court's award of summary judgment in

favor of Mesa Underwriters Specialty Insurance Company (Mesa).  The court granted

Mesa a declaratory judgment that an insurance policy issued by Mesa to Hawk

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Productions, LLC (Hawk) excluded coverage for Mr. Heskett's injuries and damages resulting from his participation in an event produced by Hawk. Mr. Heskett argues the court erred in rejecting his contention that extrinsic evidence demonstrated the policy was ambiguous. Mesa asks this court to impose sanctions because Mr. Heskett's appeal is frivolous.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's judgment and grant Mesa's motion for sanctions.

## I.    Background

The following facts are undisputed. Hawk produced an event called the "Big Dog Brag Mud Run" in Pueblo, Colorado, on June 25, 2016 (the Event). Aplt. App. at 11 (internal quotation marks omitted). Mesa had issued a Commercial General Liability Policy to Hawk for the period of June 4 to June 26, 2016 (the Policy). The Policy contained the following exclusion endorsement (the Participants Exclusion) relating to participants:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ CAREFULLY.

**EXCLUSION – PARTICIPANTS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

SECTION 1 – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE, LIABILITY, 2. EXCLUSIONS, PERSONAL AND ADVERTISING INJURY, 2. EXCLUSIONS AND MEDICAL PAYMENTS, 2. EXCLUSIONS are amended and the following added:

It is understood and agreed that *such insurance as is provided by this policy does not apply to*, and the Company shall have no duty to defend any action brought to recover damages because of:

A. *"Bodily injury", "personal injury"* or "advertising injury" or *"medical payments to "any person" while* practicing for or *participating in any contest, demonstration, event, exhibition, race or show*.

B. "Property damage" to any personal property of the persons described in the definition below.

*As used in this endorsement the definition of "any person" shall include* but not be limited to *participants*, attendants, mechanics, stewards, timing officials, announcers, corner men, musicians, singers, stage hands, animal handlers, officials or any other person employed by or doing volunteer work for the named insured.

All other terms and conditions of this policy remain unchanged.

Aplt. App. at 63 (emphasis added).

Mr. Heskett was injured while participating in the Event. In January 2017, Hawk gave Mesa notice of Mr. Heskett's claim. Mesa denied coverage based on the Participants Exclusion. In July 2020 an arbitrator awarded Mr. Heskett $2,642,041.11 against Hawk. Mr. Heskett's counsel then demanded that Mesa pay the arbitration award under the Policy.

Mesa filed suit against Mr. Heskett and Hawk, seeking a declaratory judgment that it was not required to provide coverage for Mr. Heskett's injury because the Participants Exclusion excluded coverage. Mesa moved for summary judgment, arguing the Policy language was unambiguous.

In response, Mr. Heskett did not argue that any term in or provision of the Policy was ambiguous. He instead argued the Policy was ambiguous because Hawk intended to buy a policy from Mesa that covered the participants in the Event, had

3

asked for such a policy from its insurance broker, and believed it had bought such a policy. He presented an affidavit from a Hawk representative stating that "[t]he main reason for purchasing the insurance policy from Mesa . . . was to have generally [sic] liability coverage and to cover participants who may get injured at one of our events." Aplee. Suppl. App. at 25. The Hawk representative said he believed that Hawk had purchased liability coverage for participants and that he was "shocked" when he learned, upon giving Mesa notice of Mr. Heskett's claim, that the Policy did not cover participants. *Id.*

Mr. Heskett contended that Hawk's belief regarding the Policy's coverage for participants was justified based on questions Mesa had asked about the obstacles and the ages of the participants in the Event. But in a January 2017 email Hawk's insurance broker had clarified to Hawk that Mesa asked those questions because it would not offer any coverage for the Event if there were insufficient controls in place. And referring back to policies issued since 2013, the broker stated that Hawk "never had accident coverage for participants," noting that this decision was based on availability and cost. *Id.* at 26.

Applying Colorado law on contract interpretation, the district court granted summary judgment in favor of Mesa on its claim against Mr. Heskett.[1] Noting he failed to identify any language in the Policy that was ambiguous, the court held that

---

[1] Because Hawk failed to answer or otherwise defend Mesa's complaint, the district court entered a default judgment against Hawk.

the Policy's plain language unambiguously excluded coverage for Mr. Heskett's injury sustained while a participant in the Event. It rejected as inconsistent with Colorado law Heskett's contention that Hawk's subjective belief about the Policy's coverage rendered it ambiguous.[2] The district court ultimately declared that (1) the Policy expressly excluded coverage for Mr. Heskett's claim and injury, (2) Hawk was not entitled to a defense or indemnity under the Policy for Mr. Heskett's claim, and (3) Mesa was not required to pay the amount of the arbitration award obtained against Hawk by Mr. Heskett.

Mr. Heskett filed a postjudgment motion raising the same argument regarding ambiguity of the Policy. Construing the motion as seeking to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), the court denied it because Mr. Heskett did not present new evidence, show a change in the controlling law, or demonstrate clear error in the summary judgment.

Mr. Heskett appeals the district court's summary-judgment order.[3] Mesa moves for sanctions, arguing that Mr. Heskett's appeal is frivolous.

---

[2] The district court also held that the evidence did not support the premises of Mr. Heskett's argument: that Hawk intended to purchase coverage for participants in the Event, had requested such coverage from its broker, and had only learned of the Participants Exclusion after Mr. Heskett submitted a claim. Thus, the evidence did not support Mr. Heskett's alternative argument (not renewed on appeal) that there was no meeting of the minds between Hawk and Mesa, which, if true, would mean there was no valid insurance policy and Mr. Heskett's claim would necessarily fail anyway.

[3] Mr. Heskett also purports to appeal the district court's denial of his Rule 59(e) motion. But he has not adequately invoked our appellate review because

(continued)

## II.    Mr. Heskett's Appeal

Mr. Heskett argues the district court erred in granting summary judgment in favor of Mesa by concluding that the Policy unambiguously excluded coverage for his injury sustained as a participant in the Event.

### A.    Standard of Review and Applicable Law

Where, as here, jurisdiction was based on diversity of citizenship, we apply the substantive law of the forum state, Colorado. *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Dish Network, LLC*, 17 F.4th 22, 29 (10th Cir. 2021). We review de novo the district court's grant of summary judgment and its construction of Colorado law. *See Mincin v. Vail Holdings, Inc.*, 308 F.3d 1105, 1108-09 (10th Cir. 2002).

The interpretation of an insurance policy is a question of law. *See Allstate Ins. Co. v. Huizar*, 52 P.3d 816, 819 (Colo. 2002). "An insurance policy is a contract, which should be interpreted consistently with the well-settled principles of contractual interpretation." *Id.* We give the words used in a contract "their plain meaning according to common usage." *Id.* "Written contracts that are complete and free from ambiguity express the intention of the parties and will be enforced according to their plain language." *May v. United States (In re Water Rights of May)*, 756 P.2d 362, 369 (Colo. 1988).

---

he advances no reasoned argument of error in that ruling; we will therefore not consider the denial of that motion. *See Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 n.6 (10th Cir. 2008).

"A contractual term is ambiguous if it is susceptible on its face to more than one reasonable interpretation." *Am. Fam. Mut. Ins. Co. v. Hansen*, 375 P.3d 115, 120 (Colo. 2016) (internal quotation marks omitted). "The fact that the parties have different opinions about the interpretation of the contract does not of itself create an ambiguity." *May*, 756 P.2d at 369. Importantly, "[a]n ambiguity must appear in the four corners of the document <u>before</u> extrinsic evidence can be considered. In other words, extrinsic evidence cannot create ambiguity; it is an aid to ascertaining the intent of the parties once an ambiguity is found." *Hansen*, 375 P.3d at 121 (citation omitted).

**B.    Discussion**

The district court held that the Policy unambiguously excluded coverage for Mr. Heskett's injury, which he sustained as a participant in the Event. The Participants Exclusion provided that "such insurance as is provided by this policy does not apply to, and the Company shall have no duty to defend any action brought to recover damages because of . . . [b]odily injury, personal injury, . . . or medical payments to any person while . . . participating in any contest, demonstration, event, exhibition, race or show." Aplt. App. at 63 (internal quotation marks omitted). The Participants Exclusion defined "any person" as including "participants." *Id.* (internal quotation marks omitted). Mr. Heskett does not argue that any of these terms is ambiguous on its face. He does not dispute that he was injured while participating in the Event. Nor does he dispute that the Policy excluded participants from coverage. *See* Aplee. Suppl. App. at 12 (Mr. Heskett stating in response to Mesa's summary

judgment motion that "[t]here is no dispute about what the policy says, but there is a dispute about what [Hawk] believed it said").

Mr. Heskett criticizes the district court for considering solely the Policy language, characterizing that analysis as "very safe and simplistic." Aplt. Opening Br. at 5. As he did in the district court, Mr. Heskett argues on appeal that there is a question of fact as to the ambiguity of the Participants Exclusion in the Policy because the evidence he presented shows that Hawk (1) intended to purchase a policy that covered the participants in the Event, (2) believed that the Policy provided such coverage, and (3) did not learn of the Participants Exclusion until Mr. Heskett made a claim. Mr. Heskett cites no authority for this contention that extrinsic evidence regarding Hawk's intent and belief rendered the Policy's terms ambiguous. This proposition is plainly without merit.

Colorado law is clear that "extrinsic evidence cannot create ambiguity"; rather, "an ambiguity must appear in the four corners of the document before extrinsic evidence can be considered." *Hansen*, 375 P.3d at 121. Thus, Mr. Heskett cannot rely on extrinsic evidence of Hawk's intent in purchasing insurance for the Event or its belief regarding the Policy's terms to create ambiguity where there is none. *See USI Props. E., Inc. v. Simpson*, 938 P.2d 168, 174 n.8 (Colo. 1997) (rejecting arguments based on extrinsic evidence of the parties' intent that was contrary to the plain and unambiguous meaning of a contract). Mr. Heskett's argument simply ignores the "fundamental principle of contract law that an unambiguous contract cannot be made ambiguous by extrinsic evidence." *Hansen*, 375 P.3d at 121.

Colorado's rule prohibiting reliance on extrinsic evidence is not without exception. *See, e.g.*, *Bailey v. Lincoln Gen. Ins. Co.*, 255 P.3d 1039, 1048, 1053 (Colo. 2011) (discussing "the doctrine of reasonable expectations," which "assists in establishing whether ambiguities exist at all").  But Mr. Heskett does not invoke *any* exception to the rule, and we will not craft an argument for him.  *See Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999).

Finally, Mr. Heskett's ambiguity contention would be meritless even if Colorado law permitted a court to consider his extrinsic evidence.  The evidence he presented on Hawk's alleged intent, understanding, and knowledge was not aimed at demonstrating ambiguity in the language of the Policy.  It would not show that any Policy term was "susceptible . . . to more than one reasonable interpretation." *Hansen*, 375 P.3d at 120 (internal quotation marks omitted).  Rather, Mr. Heskett's evidence was entirely *contrary to* the plain language of the Participants Exclusion.

We conclude the district court did not err in granting summary judgment in favor of Mesa because the plain language of the Policy unambiguously excluded coverage for bodily or other personal injury to participants in the Event.

## III.    Mesa's Motion for Sanctions

Mesa asks this court to sanction Mr. Heskett and his counsel because Mr. Heskett's appeal is frivolous.

### A.    Authority and Standard for Imposing Sanctions

Federal Rule of Appellate Procedure 38 "authorizes a court of appeals to award just damages, including attorney's fees, and single or double costs if the court

9

determines that an appeal is frivolous or brought for purposes of delay." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Id.* (internal quotation marks omitted). Under 28 U.S.C. § 1927, "[a]ny attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Rule 38, either alone or in combination with § 1927, authorizes sanctions against an attorney "for taking a truly frivolous appeal on behalf of [his] client." *Braley*, 832 F.2d at 1511. We have imposed a sanction for a frivolous appeal, for example, where appellant's "position [was] not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law," and where the appellant made "no effort" "to distinguish existing case law, to bring about a reasoned extension or change in the law, or to point out actual errors." *Casper v. Comm'r*, 805 F.2d 902, 905 (10th Cir. 1986), *overruled on other grounds*, *Wheeler v. Comm'r*, 521 F.3d 1289, 1291 n.1 (10th Cir. 2008).

### B.    Discussion

Mesa contends that Mr. Heskett's appeal is frivolous and the result is obvious because the sole issue he raises is wholly without merit under settled Colorado law governing contract interpretation—in particular the rule in *Hansen* that extrinsic evidence cannot create ambiguity in a contract, 375 P.3d at 121. Mesa asserts that

Mr. Heskett has unnecessarily expanded these proceedings by pursuing an appeal in which he (1) fails to identify any language in the Policy subject to an alternative interpretation, (2) continues to ignore the relevant Colorado authorities, (3) fails to address the district court's reasoning, and (4) does not attempt to distinguish the authority the district court relied upon or cite any contrary authority. Mesa represents that, before this appeal was filed, it raised with Mr. Heskett's counsel the lack of any factual or legal basis for the appeal and its intent to seek attorney fees. Mesa asks this court to require Mr. Heskett to pay just damages and double costs under Rule 38, and to require Mr. Heskett's counsel to pay the excess costs, expenses, and attorney fees it has incurred in defending this appeal under § 1927.

In response to Mesa's motion, Mr. Heskett and his counsel argue the appeal is not frivolous because it "is an attempt to protect [Mr. Heskett's] rights" and he "had a right to file the appeal." Resp. to Mot. at 3. Counsel maintains that he "made the appeal as simple as possible" by asserting a single issue regarding ambiguity, so as not to "waste the Court[']s time with multiple claims." *Id.* As to his decision to rely on extrinsic evidence in arguing ambiguity, counsel asserts "[t]his is a unique situation and there is no case that is directly on point." *Id.* at 3-4. Counsel contends that a claim on appeal is not frivolous merely because it is unlikely to succeed. He asserts that an appellant may appropriately challenge the district court's rulings by "point[ing] out how and why the lower tribunal incorrectly evaluated them." *Id.* at 5 (internal quotation marks omitted). And he maintains that "a lawyer may advance a claim or defense not recognized under existing law if it can be supported by a good

11

faith argument for an extension, modification, or reversal of existing law." *Id.* at 4 (internal quotation marks omitted).[4]

We conclude that Mr. Heskett's appeal is frivolous and vexatious. Contrary to the assertions of Mr. Heskett's counsel, the facts of this case are governed by well-defined, existing law. He makes no attempt to distinguish that authority, nor has he explained how the district court erred in applying it to the facts in this case. *See Casper*, 805 F.2d at 905. Ignoring the pertinent legal authority does not constitute a good-faith argument for an extension, modification, or reversal of existing law. And an appeal raising a single frivolous issue is still a frivolous appeal.

We conclude that the fault in filing a frivolous appeal lies with Mr. Heskett's counsel, Edward Lomena. *See Braley*, 832 F.2d at 1511 ("If the fault lies with the attorneys, that is where the impact of the action should be lodged." (internal quotation marks omitted)). We see nothing in the record suggesting Mr. Heskett understands that his counsel has repeatedly raised a frivolous contention. An attorney must "exhibit some judgment" in deciding whether it is appropriate to pursue an appeal, *id.* at 1512, and "must realize, even if a party does not, that the decision to appeal should be a considered one, taking into account what the district judge has said," *id.* at 1513 (internal quotation marks omitted). Thus, counsel may be sanctioned "for persisting in ignoring legal issues and repeating arguments previously

---

[4] Due-process requirements of notice and an opportunity to be heard are satisfied by Mesa's motion and Mr. Heskett's and his counsel's response. *See Braley*, 832 F.2d at 1515.

rejected by the court." *Id.*  It is clear that Mr. Lomena failed to exercise the necessary judgment in this case when he advanced no plausible legal basis for the claim asserted on appeal.  We therefore conclude it is appropriate to order Mr. Lomena to pay to Mesa just damages in the amount of the reasonable excess costs, expenses, and attorney fees it has incurred in defending this appeal, as authorized by Rule 38 and § 1927.

We affirm the order granting summary judgment in favor of Mesa but remand to the district court for the limited purpose of determining the amount of the sanction imposed on Mr. Lomena.

Entered for the Court

Harris L Hartz
Circuit Judge