No. 20,019.


HARTFORD LIVE STOCK INSURANCE COMPANY *v.*
HOWARD R. PHILLIPS, ET AL.

(372 P. [2d] 740)

Decided June 25, 1962.

Messrs. DAWSON, NAGEL, SHERMAN & HOWARD, Mr.
HUGH A. BURNS, for plaintiff in error.

Mr. BRUCE OWNBEY, Mr. DAVID G. MANTER, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to the parties as they appeared in the trial court where defendants in error were plaintiffs and plaintiff in error was defendant.

The action was brought by plaintiffs to recover upon a policy of insurance issued by defendant on the life of a bull. The application for issuance of the policy was

dated October 8, 1959. It contained a statement that plaintiffs had no knowledge that the bull had "ever been sick or injured." It also contained the following statement:

"I/WE UNDERSTAND AND AGREE that the policy to be issued hereon shall be founded entirely upon the representations and statements contained in this application.

"IT IS AGREED that this insurance shall not be in force or effect until and unless this application shall be accepted and favorably passed upon by the above-named insurance company, and policy delivered to me/us while the animal or animals covered by said policy is/are in good health, and entirely free from sickness or injury."

On October 9, 1959, the policy was issued. Among its provisions we find the following:

"In Consideration of the statements, agreements, and warranties contained in the application or applications for insurance upon which this policy is based, and which are hereby referred to and made a part of this contract; and subject to the conditions, stipulations and limitations hereinafter specified; and in further consideration of the payment by the assured of Forty five Dollars Premium, does hereby insure Howard R. Phillips and Frederick H. Phillips of RR #4, Longmont, Colorado from the 9th day of October 1959 at noon, to the 9th day of October 1960 at noon, for an amount not exceeding Seven Hundred Fifty Dollars, as follows:

\* \* \*

"D. This policy is made and accepted subject to the foregoing stipulations and conditions, and to the stipulations and conditions printed on the following pages hereof, which are hereby especially referred to and made a part of this policy \* \* \* .

\* \* \*

"Section 1. A. Under no circumstances shall this company be liable under this policy for any loss resulting from: \* \* \* nor for the death of any animal not in abso-

lute health when this policy is delivered; * * * nor for the death of any animal caused directly or indirectly by disease or injury contracted or having its inception before the application (on which this policy is based) is accepted, policy issued and delivered to the applicant and premium paid."

Undisputed facts are as follows: One of the horns of the bull was broken off in July 1959, following which incident the animal was placed in a veterinary hospital at Colorado State University for treatment, where it remained for about two weeks. It was again admitted to the hospital September 3, 1959, and remained there until October 28, 1959. It was in the clinic at the time application for insurance was made. The insurance policy was delivered October 15, 1959, and the bull died November 27, 1959. Dr. Ingram, the veterinary in charge, stated that upon the second admission of the animal it had a sinus infection which was a "flare-up" from the previous injury following loss of the horn. The sinusitis was thought to be curable. A diagnosis of cancer was made following a biopsy. This diagnosis was made October 15, and plaintiffs, as owners of the bull, were notified of this fact and that the bull could not survive. It was further undisputed that the inception of the cancer antedated the application for insurance and took place in "early July or the latter part of June" 1959.

The trial court adjudged that the defendant insurance company had sufficient knowledge that the bull was suffering from a physical ailment, and that by issuing the policy of insurance without a thorough investigation of the actual cause of the bull's condition they waived the provisions of the policy and the limitations of coverage contained therein. In reaching this conclusion the trial court was in error.

Defendant affirmatively alleged as a defense that the loss was not covered by the terms and conditions of the policy for the reason that the animal was not in good health at the time of the delivery of the policy, and that

it died as a result of disease or injury which had its inception before the application for insurance was executed. Those defenses were established without dispute, by the evidence. From 29A Am. Jur., p. 289, §1135, we quote the following:

"The rule is well established that the doctrines of implied waiver and of estoppel, based upon the conduct or action of the insurer, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom, and the application of the doctrines in this respect is therefore to be distinguished from the waiver of, or estoppel to assert, grounds of forfeiture. Thus, while an insurer may be estopped by its conduct or its knowledge from insisting upon a forfeiture of a policy, the coverage, or restrictions on the coverage, cannot be extended by the doctrine of waiver or estoppel. While it is true that if the insurer, with knowledge of facts which would bar an existing primary liability, recognizes such primary liability by treating the policy as in force, he will not thereafter be allowed to plead such facts to avoid his primary liability, the doctrine of waiver cannot be invoked to create a primary liability and bring within the coverage of the policy risks not included or contemplated by its terms."

The judgment is reversed.

Mr. Justice Sutton and Mr. Justice Pringle concur.