Lonnie **BOLEJACK**, Bonnie Bolejack, Laurel Spence, and Ron Bolejack, Plaintiffs–Appellants,

v.

**TRAVELERS INSURANCE COMPANY**, Garnishee–Appellee.

No. 01CA2291.

Colorado Court of Appeals, Div. II.

Jan. 2, 2003.

John S. Tatum, Aurora, Colorado; Ben Klein, Denver, Colorado, for Plaintiffs–Appellants.

Montgomery, Kolodny, Amatuzio, Dusbabel, L.L.P., Kevin F. Amatuzio, David C. Fawley, Denver, Colorado, for Garnishee–Appellee.

Opinion by Judge JONES.

In this wrongful death action, plaintiffs, Lonnie Bolejack, Bonnie Bolejack, Laurel Spence, and Ron Bolejack (collectively the Bolejacks), appeal the summary judgment entered in favor of garnishee, Travelers Insurance Company. We affirm.

In 1997, John Bieg shot and killed Leroy Bolejack (victim) in a dispute arising out of their soured business dealings. Bieg owned and operated a welding business, and the victim owned and operated a crane service. Bieg was prosecuted for the murder and eventually pleaded guilty to criminally negligent homicide. The victim's heirs, the Bolejacks, brought an action for wrongful death against Bieg, his business, and others.

In 1999, the parties fashioned a settlement by which Bieg confessed to judgment against himself in the amount of $1 million, Bieg's commercial liability insurers paid the Bolejacks $215,000 of that amount, and the Bolejacks agreed not to seek to collect any balance due from the commercial liability insurer. Instead, as relevant here, the Bolejacks sought to collect, through a writ of garnishment, the remainder of the judgment from Travelers, Bieg's homeowners insurer.

Travelers answered the writ of garnishment and denied coverage on various grounds, including the "business pursuits" exclusion to its policy. The Bolejacks disputed the denial of coverage. Travelers also filed a motion for summary judgment, asserting that the undisputed facts showed that the shooting arose out of Bieg's business and was, thus, excluded by the "business pursuits" exclusion to Bieg's homeowners insurance policy.

Finding no genuine issue of material fact, the court granted Travelers' motion for summary judgment and dismissed the writ of garnishment. This appeal followed.

The Bolejacks contend that the trial court improperly granted Travelers' motion for summary judgment because a genuine issue of material fact existed as to whether the "business pursuits" exclusion to the policy was applicable. We disagree.

Review of a grant of summary judgment is de novo. *Ryder v. Mitchell*, 54 P.3d 885 (Colo.2002). Summary judgment is appropriate when the pleadings and supporting documents demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Pierson v. Black Canyon Aggregates, Inc.*, 48 P.3d 1215 (Colo.2002). In deciding whether summary judgment is appropriate, the court must view the facts in the light most favorable to the nonmoving party. *Colo. Civil Rights Comm'n v. N. Washington Fire Prot. Dist.*, 772 P.2d 70 (Colo.1989).

The interpretation of a contract, including a contract for insurance, is a matter of law. *Union Ins. Co. v. Houtz*, 883 P.2d 1057 (Colo.1994). The words of the contract should be given their plain meaning according to common usage, and strained constructions should be avoided. *Allstate Ins. Co. v. Huizar*, 52 P.3d 816 (Colo.2002). An unambiguous limitation or exclusion in a policy must be enforced. *State Farm Mut. Auto. Ins. Co. v. Mendiola*, 865 P.2d 909 (Colo.App. 1993).

The following undisputed facts are relevant to our analysis. First, the Bolejacks concede that Bieg and the victim had a prior business acquaintanceship, that the victim was at Bieg's place of business the day of the shooting to have work done that was in the nature of Bieg's business, and that, as such, the court "could and should find that the injury

arose within the context of [Bieg's] business." Second, Bieg's homeowners insurance policy with Travelers contained an exclusion for bodily injury arising out of the insured's business activities. In relevant part, the policy reads:

> Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to "bodily injury" or "property damage":
>
> . . .
>
> arising out of or in connection with a "business" engaged in by an "insured" except those of a "clerical office employee." This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed or implied to be provided because of the nature of the "business". . . .

The policy defines "business" as including any "trade, profession or occupation."

■ Courts applying Colorado law have found coverage to be excluded by business pursuit exclusions tailored more narrowly than the one at issue here. In fact, courts have even denied coverage when business pursuit exclusions have contained exceptions from the exclusions for activities normally incident to nonbusiness pursuits. For example, injuries that policyholders have inflicted on children while operating in-home day care businesses have been excluded from coverage under policies that contain such exceptions to the business pursuit exclusions. *See Rodriguez v. Safeco Ins. Co.,* 821 P.2d 849 (Colo. App.1991); *Republic Ins. Co. v. Piper,* 517 F.Supp. 1103 (D.Colo.1981).

We note that the *Piper* and *Rodriguez* cases are distinguishable because, here, the exclusion in Bieg's homeowners policy contains no exception for activities ordinarily incident to nonbusiness pursuits, the injury occurred at Bieg's place of business, and the injury arose out of Bieg's business.

Further, we note that insurance coverages may be, and here are, "dovetailed" to cover nonoverlapping risks. One coverage may exclude a certain type of risk while another coverage expressly covers that risk to form a coordinated and unified whole of coverage. *See Northern Ins. Co. v. Ekstrom,* 784 P.2d 320, 324 (Colo.1989). Here, Bieg's commercial liability insurer responded to the Bolejacks' civil claim to protect defendants from personal liability. Bieg's separate, nonoverlapping homeowners insurance policy was not implicated.

Thus, we conclude that the plain language of the exclusion in the policy applies to exclude coverage for the injury Bieg inflicted.

Even viewing the facts in the light most favorable to the Bolejacks, we perceive no genuine issue of material fact to preclude judgment as a matter of law. Thus, the trial court properly granted Travelers' motion for summary judgment.

The judgment is affirmed.

Judge CASEBOLT and Judge ROY concur.