23CA1459 Halper v San Miguel 07-18-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1459 San Miguel County District Court No. 23CV4 Honorable Keri A. Yoder, Judge Mark L. Halper, Plaintiff-Appellant, v. San Miguel County Sheriff, Defendant-Appellee. JUDGMENT AFFIRMED Division I Opinion by JUDGE J. JONES Welling and Schock, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 18, 2024 Mark L. Halper, Pro Se Amy T. Markwell, County Attorney, Rachel J. Allen, Assistant County Attorney, Telluride, Colorado, for Defendant-Appellee 
1 ¶ 1 Plaintiff, Mark L. Halper, appeals the district court’s judgment dismissing his complaint against three employees of the San Miguel County Sheriff’s Office — Sheriff William S. Masters, Undersheriff Dan Covault, and Deputy Lane Masters. We affirm. I. Background ¶ 2 Deputy Lane Masters served Halper with a summons and complaint charging him with reckless driving. Halper filed a “Complaint for Conspiracy to Frame Mark L. Halper,” asserting that Deputy Masters did so “after having been ordered to do so, or approved by San Miguel County Undersheriff Dan Covault acting and working under the command of San Miguel County Sheriff William ‘Bill’ S. Masters.” Halper’s complaint alleges, in purely conclusory fashion, that the defendants violated the criminal conspiracy statute, section 18-2-201, C.R.S. 2023. According to attachments to the complaint, Halper believes that the other driver involved in the underlying incident — with whom Halper has had an acrimonious relationship — “set [him] up.” ¶ 3 The defendants answered the complaint and simultaneously moved to dismiss it for failure to state a claim under C.R.C.P. 
2 12(b)(5).
1 Halper responded to the motion by asserting generally that his complaint met the plausibility standard of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009); expressing a need to conduct discovery to obtain documents from the sheriff’s office that might support his claim; accusing the sheriff’s office, Sherriff Masters, and Undersheriff Covault of acting dishonorably and unprofessionally by telling him not to call the sheriff’s office unless there is a “life or death emergency”; and recounting his history of disputes with the other driver (none of which is in the complaint). ¶ 4 The district court granted the defendants’ motion to dismiss, concluding that Halper’s “bare bones complaint is so void of factual assertions to support a legal claim, the Court cannot discern any 1 Because the defendants didn’t move to dismiss under C.R.C.P. 12(b)(5) before filing their answer, the district court should have treated the motion as one for judgment on the pleadings under C.R.C.P. 12(c). Barnes v. State Farm Mut. Auto. Ins. Co., 2021 COA 89, ¶ 19. But the test is the same for both motions, BSLNI, Inc. v. Russ T. Diamonds, Inc., 2012 COA 214, ¶ 13, so this glitch doesn’t affect our analysis. 
3 portion of it,” and that the complaint’s conclusory allegation of a “frame-up” fails to plead a civil claim.
2 II. Discussion ¶ 5 On appeal, Halper contends that (1) the defendants violated certain of the “Shared Ten Principles” of the sheriff’s office; (2) they conspired in violation of section 18-2-201; and (3) the district court judge gave the defendants “preferential treatment” by granting the motion and terminating the litigation. His opening brief consists almost entirely of unsupported allegations of something like collusion between the defendants, their counsel, and the district court to have this case dismissed. In it he makes no effort to explain how the complaint states a plausible claim for relief. See Warne v. Hall, 2016 CO 50, ¶¶ 9, 12, 24 (the factual allegations of the complaint must be enough to raise a right to relief above the speculative level and provide plausible grounds for relief); see also Jagged Peak Energy Inc. v. Okla. Police Pension & Ret. Sys., 2022 CO 54, ¶ 25. 2 The court also noted Halper’s failure to adhere to the pleading requirements of C.R.C.P. 8(a) and 10. 
4 ¶ 6 Though we could end our analysis here, we briefly explain why dismissal was proper. • The complaint contains one factual allegation — that Deputy Masters cited Halper for reckless driving after being told to do so by, or with the approval of, Undersheriff Covault, while working under Sheriff Masters. That sole factual allegation is plainly insufficient to state a claim — for conspiracy or anything else. Halper’s bare assertion that the defendants violated the criminal conspiracy statute can’t save Halper’s complaint because it is a legal conclusion not entitled to a presumption of truthfulness. See Norton v. Rocky Mountain Planned Parenthood, Inc., 2018 CO 3, ¶ 7 (in ruling on a motion to dismiss for failure to state a claim, the court is “not required to accept bare legal conclusions as true”); Denver Post Corp. v. Ritter, 255 P.3d 1083, 1088 (Colo. 2011) (same). • Halper doesn’t cite any legal authority, and we aren’t aware of any, supporting the proposition that a person can assert a civil cause of action based on the criminal conspiracy statute. 
5 • Halper doesn’t cite any authority, and we aren’t aware of any, supporting the proposition that the sheriff’s office’s “Shared Ten Principles” create any legal duty enforceable in a civil action against sheriff’s office employees. • We may only consider the allegations of the complaint, and the documents attached thereto, in determining whether Halper’s complaint states a claim upon which relief can be granted. Yadon v. Lowry, 126 P.3d 332, 335-36 (Colo. App. 2005). Therefore, we can’t consider any of the factual assertions in Halper’s response to the defendants’ motion to dismiss and brief on appeal that aren’t contained in his complaint. ¶ 7 In sum, having reviewed the district court’s dismissal for failure to state a claim de novo, Bly v. Story, 241 P.3d 529, 533 (Colo. 2010), we conclude that the district court didn’t err by granting the defendants’ motion to dismiss.
3 3 We deny the defendants’ motion to dismiss the appeal. Halper’s failure to clearly argue any basis for reversing the judgment is a valid basis for affirming the judgment, but it isn’t a reason to dismiss the appeal. 
6 III. Disposition ¶ 8 The judgment is affirmed. JUDGE WELLING and JUDGE SCHOCK concur.